IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| United States of America, | ) |
| | ) Case No. 14 C 50122 |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| Andrew A. Chavis, | ) |
| | ) Judge Philip G. Reinhard |
| Defendant. | ) |
| | ) |

## ORDER

For the reasons below, petitioner Andrew A. Chavis's motion for post conviction relief pursuant to 28 U.S.C. § 2255 [1] is dismissed. *See* Rule 4(b), Rules Governing § 2255 Proceedings. The court denies Chavis's request for appointment of counsel. The court also declines to issue a certificate of appealability. The case is closed.

## STATEMENT - OPINION

On March 19, 2004, a jury found petitioner Andrew A. Chavis, a federal prisoner, guilty of two counts of illegal possession of cocaine base in violation of 21 U.S.C. § 841(a)(1).[1] On June 24, 2004, this court sentenced Chavis to a term of imprisonment of 420 months followed by 10 years of supervised release. *See United States v. Chavis*, No. 03-CR-50028-3, [109]. Chavis appealed the court's sentence. Before rendering an opinion, the Seventh Circuit Court of Appeals remanded the case back to this court for the limited purpose of determining whether the court would have decreased Chavis's sentence if it had known that the sentencing guidelines were advisory. *See United States v. Chavis*, No. 03-CR-50028-3, [143]. After the court reviewed briefs from both parties, it determined that it would have imposed Chavis's original sentence even if it had known the sentencing guidelines were advisory. *See id.* at [157]. Shortly thereafter, the Seventh Circuit affirmed Chavis's sentence. *Id.* at [159]-[160]. Subsequently, Chavis filed a variety of motions seeking post conviction relief. However, all of these were stricken as nonsensical, frivolous, or irrelevant. *See id.* at [161]-[180].

On August 20, 2007, Chavis filed a *pro se* motion for post conviction relief pursuant to 28 U.S.C. § 2255. *See United States v. Chavis*, No. 07-C-50163, [1]. In his form motion, Chavis argued that he was entitled to relief because his attorney was ineffective. *See United States v. Chavis*, No. 07-C-50163, [1] at 4. Aside from his conclusory allegation that he was denied

---

[1]The indictment, jury verdict, and all other documents relating to Chavis's criminal case are filed under case number 03-CR-50028-3.

effective assistance of counsel, Chavis did not provide any facts to support his claim. Instead, he stated that he would be filing a supporting "[m]emorandum and brief . . ." upon further instruction from the court. *Id.* On August 28, 2007, the court granted Chavis 30 days to file a supporting memorandum. *See United States v. Chavis*, No. 07-C-50163, [3]. However, 30 days passed without any filings from Chavis. Instead, on October 22, 2007, Chavis filed a motion seeking an extension of time. *See United States v. Chavis*, No. 07-C-50163, [5]. The court granted this motion and gave Chavis until November 8, 2007 to file his supporting memorandum. *See United States v. Chavis*, No. 07-C-50163, [6]. Despite the extension, Chavis failed to file any supporting materials or any other motions. As a result, on December 28, 2007, the court denied Chavis's Section 2255 motion and dismissed the cause in its entirety. *See United States v. Chavis*, No. 07-C-50163, [7]. Chavis did not appeal.

On June 9, 2014, Chavis filed the instant petition pursuant to 28 U.S.C. § 2255. *See* [1]. In it, Chavis claims he is entitled to post conviction relief because of the United States Supreme Court's recent decision in *Descamps v. United States*, 133 S. Ct. 2276 (June 20, 2013). In his petition, he also asks for appointment of counsel. While Chavis argues the petition is timely pursuant to 28 U.S.C. § 2255(f)(3), the court disagrees.[2]

---

[2]In addition to the fact that the instant petition is untimely, it is also arguable that it should be dismissed as successive because Chavis has not sought permission from the Seventh Circuit Court of Appeals. *See* 28 U.S.C. § 2255(h) (stating that "a second or successive motion must be certified . . . by an appropriate court of appeals" before a district court has jurisdiction). While this court did not decide Chavis's first petition on its merits, the Seventh Circuit has held that "[a] § 2255 motion need not be adjudicated on the merits to "count" as a prisoner's first motion for AEDPA purposes." *Vitrano v. United States*, 643 F.3d 229, 233 (7th Cir. 2011). Rather, the Seventh Circuit has stated that the relevant inquiry is whether a prisoner had an "unencumbered opportunity to receive a decision on the merits." *Potts v. United States*, 210 F.3d 770, 770 (7th Cir. 2000). For example, in *Garrett v. United States*, 178 F.3d 940 (7th Cir. 1999), the Seventh Circuit held that where a prisoner withdraws a Section 2255 petition before he has reason to believe that the petition is going to be denied, this should not count as an initial motion under Section 2255. *Id.* However, if a prisoner withdraws his motion after it becomes clear to him that his petition will be denied, this should be counted as a first petition under Section 2255. *See Felder v. McVicar*, 113 F.3d 696, 698 (7th Cir. 1997).

In the instant case, it is unclear why Chavis chose to abandon his initial Section 2255 petition. It was not met with a brief in opposition that argued the motion lacked merit, and Chavis did not in any way acknowledge that his motion was unlikely to succeed. *See Felder*, 113 F.3d at 698. Instead, Chavis simply ignored his deadlines and failed to file any supporting materials. While these facts seem to suggest that Chavis's first Section 2255 motion should not have counted as an initial petition, it is undeniable that Chavis had an opportunity to receive a decision on the merits and simply chose not to pursue it. Indeed, Chavis did not even formally withdraw his petition like the prisoner in *Garrett* and his petition was not dismissed because he failed to pay a filing fee or failed to abide by some other formal procedure. *See e.g.*, *Benton v. Washington*, 106 F.3d 162 (7th Cir. 1996) (petition did not count as initial petition when it was dismissed after prisoner failed to pay his filing fee). Thus, it could be argued that Chavis's 2007 petition should be counted as his first Section 2255 petition and the instant petition should be dismissed as successive. However, because the court did not engage in a substantive review of the 2007 petition and his claims here involve issues he could not have raised in 2007, the court will not treat the instant petition as successive.

## A.  28 U.S.C. § 2255(f)(3)

The Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996 added a one-year statute of limitations for prisoners to assert collateral attacks on their sentences under Section 2255.  *See* 28 U.S.C. § 2255(f).  The limitations period begins to run from the latest of –

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4).

Chavis argues his petition here is timely pursuant to 28 U.S.C. § 2255(f)(3).  He relies on the United States Supreme Court's decision in *Descamps v. United States*, 133 S. Ct. 2276 (June 20, 2013) as support.  However, Chavis's arguments are misguided because *Descamps* did not announce a new rule that makes 28 U.S.C. § 2255(f)(3) applicable.

In *Descamps v. United States*, 133 S. Ct. 2276 (June 20, 2013), the Supreme Court held that a California petitioner's state law conviction for burglary should not have counted as a violent offense under the Armed Career Criminal Act ("ACCA").  *Id.* at 2293.  In that case, the Supreme Court clarified that the modified categorical approach adopted in *Taylor v. United States*, 495 U.S. 575 (1990) and refined in *Shepherd v. United States*, 544 U.S. 13 (2005), could not be applied to indivisible statutes that criminalize a broader range of conduct than the ACCA.  *See id.* at 2281-82.

*Descamps* was before the Supreme Court on direct review, not on collateral review.  Moreover, the Supreme Court did not announce (or even imply) that the holding in *Descamps* was to apply retroactively on collateral review.  *See id.*; *see also Harr v. United States*, No. 14-C-1152, 2014 WL 1674085 at *3  (April 28, 2014).  Most importantly, *Descamps* did not announce a "new rule" for the purposes of 28 U.S.C. § 2255.  "A case announces a new rule when it breaks new ground or imposes a new obligation on the States or the Federal Government."  *Teague v. Lane*, 489 U.S. 288, 301 (1989) (citations omitted); *see also Chaidez v. United States*, 133 S. Ct. 1103, 1107 (2013) (stating a case announces a new rule "if the result was not *dictated* by precedent

existing at the time the petitioner's conviction became final") (emphasis in original). The rule in *Descamps* has been the rule in the Seventh Circuit since at least 2009. *See United States v. Woods*, 576 F.3d 400, 411 (7th Cir. 2009) (explaining that the Supreme Court's decisions in "*James*, *Taylor*, and *Shepard* permit a court to go beyond the statutory definition of the crime to consult judicial records (charging documents, plea colloquy, etc.) only where the statute defining the crime is divisible . . ."). Thus, because *Descamps* merely reaffirmed existing Supreme Court precedent it cannot serve as a justification for the application Section 2255(f)(3). As such, Chavis's petition under 28 U.S.C. § 2255 [1] is untimely and must be dismissed.

### B. Certificate of Appealability

Rule 11(a) of the Rules governing Section 2255 Proceedings in the United States District Courts mandate that the court rule on a certificate of appealability when it denies a petition under Section 2255 or otherwise closes the case. A certificate of appealability is not granted as a matter of right and instead may only be granted "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A substantial showing occurs when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different matter or that the issues presented were adequate to deserve encouragement to proceed further." *Resendez v. Knight*, 653 F.3d 445, 446 (7th Cir. 2011) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

While Chavis attempted to raise constitutional issues in his petition, the court finds his petition is untimely and does not find that "reasonable jurists could debate whether . . . the petition should have been resolved in a different matter." *Id.* Thus, because there is no substantial constitutional question for appeal, the court declines to issue a certificate of appealability.

For the foregoing reasons, the court dismisses Chavis's petition under 28 U.S.C. § 2255 [1], denies his request for appointment of counsel and declines to issue a certificate of appealability. The case is closed.

Date: 6/18/2014

ENTER:

*Philip G. Reinhard*

United States District Court Judge

Notices mailed by Judicial Staff.
(LC)